1  MICHAEL G. KING (SBN 145477)
   GRACE M. LAU (SBN 312977)
2  HENNELLY & GROSSFELD LLP
   10900 Wilshire Blvd., Suite 400
3  Los Angeles, CA 90024
   Telephone:  (310) 305-2100
4  Facsimile: (310) 305-2116
   mking@hgla.com
5  glau@hgla.com

6  Attorneys for Defendants,
   Fisher Controls International,
7  Emerson Process Management,
   Emerson US
8

9
              **UNITED STATES DISTRICT COURT**
10
           **CENTRAL DISTRICT – EASTERN DIVISION**
11

| | |
|---|---|
| DANIELLE NISIM  <br><br>               Plaintiff,  <br><br>       vs.  <br><br>PROFIRE; MODERN HOME PRODUCTS; FISHER CONTROLS; EMERSON US; EMERSON PROCESS MANAGEMENT; HONEYWELL; HONEYWELL AMERICAN METER DIVISION; FERRELGAS; BRASSCRAFT; and DOES 1 through 150 inclusive,  <br><br>               Defendants. | CASE NO.  <br>State Court Case No. CVPS2200164  <br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, defendants EMERSON PROCESS MANAGEMENT REGULATOR TECHNOLOGIES, INC. ("EPM"), erroneously served as EMERSON PROCESS MANAGEMENT, and FISHER CONTROLS INTERNATIONAL, LLC,

1

erroneously served as FISHER CONTROLS, with the consent of all defendants served in the action, hereby remove to this Court the state court action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 as described below.

## A.  REMOVAL IS TIMELY

1. On January 6, 2022, plaintiff Danielle Nisim ("Plaintiff") commenced an action in the Superior Court of the State of California, County of Riverside entitled *Danielle Nisim v. Profire, et. al.*, Case No. CVPS2200164. A copy of the complaint is attached to the concurrently filed Declaration of Grace M. Lau ("Lau Decl.") as Exhibit 1.

2. In this product liability action, plaintiff alleges that she was using a built-in barbeque grill located on the rental property she was leasing, when it allegedly exploded while she was attempting to light it causing her to suffer severe personal injuries. Plaintiff has sued numerous defendants alleging the barbeque grill and/or the gas meters, valves, regulators, actuators, couplings, adapters, and connectors contained defects in their manufacture, design and/or assembly and that the manufacturer failed to warn of the dangers of using this equipment.

3. Plaintiff served the summons and complaint on defendants EPM and Fisher Controls on February 2, 2022. Lau Decl., ¶ 2. A copy of the civil case cover sheet is attached to the Lau Decl. as Exhibit 2, and a copy of the filed summons is attached as Exhibit 3 to the Lau Decl. Plaintiff also served the ADR information package and several notices including a notice of related case, and notice of department assignment, notice of case management conference attached as Exhibits 4 through 7 to the Lau Decl.

4. Defendants EPM and Fisher Controls timely file this Notice of Removal within 30 days after service of the summons and complaint. *See* 28 U.S.C. §1446.[1]

5. Defendants EPM and Fisher Controls concurrently filed their Answer to

---

[1] Emerson Electric Co., incorrectly identified as "Emerson US" has not been served.

Plaintiff's complaint on March 3, 2022, and is attached to the Lau Decl. as Exhibit 8.

## B. REMOVAL IS PROPER BECAUSE THERE IS COMPLETE DIVERSITY OF CITIZENSHIP

6. A civil case that could have been commenced in federal court on the grounds of diversity of citizenship may be removed to federal court on this ground. *See* 28 U.S.C. § 1441(a).

7. Defendants EPM and Fisher Controls remove this action under 28 U.S.C. § 1441(b) because this Court has original diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff is a citizen of a different state than all Defendants, and the amount in controversy exceeds the sum or $75,000.00, exclusive of interest and costs.

8. Complete diversity exists between Plaintiff on the one hand and Defendants EPM, Fisher Controls, Profire, Modern Home Products Corp., Honeywell International Inc., Ferrellgas, Inc., and Brasscraft Manufacturing Company, on the other, both at the time this action was filed and at the time of removal. Specifically, Plaintiff alleges that she is a resident of the State of California and lives in the County of Los Angeles. *See* State Court Complaint, paragraph 1. As a permanent resident of California, Plaintiff is domiciled, and therefore a citizen, of California for purposes of diversity jurisdiction. *Williamson v. Osenton*, 232 U.S. 619, 625 (1914).

9. Defendant EPM is a corporation, incorporated in the state of Delaware, with its principal place of business in Texas. *See* Lau Decl. ¶ 2; Printout from the Delaware Secretary of State's website showing that Defendant EPM is a Delaware corporation and printout from the Washington Secretary of State's website attached as Exhibit 9 to the Lau Decl. Therefore, EPM is a citizen of Delaware and Texas for purposes of diversity jurisdiction. 28 U.S.C. §1332(c); *Hertz Corp. v. Friend*, 559 U.S. 77, 95 (2010).

10. Defendant Fisher is a limited liability company, organized in Delaware.

Fisher's sole member is EPMCO Holdings, Inc. which is incorporated in Delaware with its principal place of business in Missouri. *See* Lau Decl. ¶ 2; Printout from the Delaware Secretary of State's website showing that Defendant EPMCO Holdings, Inc. is a Delaware corporation and Fisher's Statement of Information filed with the California Secretary of State, attached as Exhibit 10 to the Lau Decl. Therefore, Fisher is a citizen of Delaware and Missouri for purposes of diversity jurisdiction. 28 U.S.C. §1332(c); *Hertz Corp. v. Friend*, 559 U.S. 77, 95 (2010); *Johnson v. Columbia Properties Anchorage*, *LP,* 437 F.3d 894 (9th Cir. 2006).

11.   Defendant Profire is a limited liability company, organized in Wisconsin. *See* Lau Decl. ¶ 2; Printout from the Wisconsin Secretary of State's website showing that Defendant Profire is a Wisconsin LLC attached as Exhibit 11 to the Lau Decl. Its sole member resides in Wisconsin. Therefore, Profire is a citizen of Wisconsin for purposes of diversity jurisdiction. *Johnson v. Columbia Properties Anchorage*, *LP,* 437 F.3d 894 (9th Cir. 2006).

12.   Defendant Modern Home Products is a corporation, incorporated in Illinois with its principal place of business in Illinois. *See* Lau Decl. ¶ 2; Printout from the Illinois Secretary of State's website showing that Defendant Modern Home Products is a Illinois corporation, attached as Exhibit 12 to the Lau Decl. Therefore, Modern Home Products is a citizen of Illinois for purposes of diversity jurisdiction. 28 U.S.C. §1332(c); *Hertz Corp. v. Friend*, 559 U.S. 77, 95 (2010).

13.   Defendant Honeywell International Inc. ("Honeywell") is a corporation, incorporated in Delaware, with its principal place of business in North Carolina. *See* Lau Decl. ¶ 2; Printout from the Delaware Secretary of State's website showing that Honeywell is a Delaware corporation and Honeywell's Statement of Information filed with the California Secretary of State, attached as Exhibit 13 to the Lau Decl. Therefore, Honeywell is a citizen of Delaware and North Carolina for purposes of diversity jurisdiction. 28 U.S.C. §1332(c); *Hertz Corp. v. Friend*, 559 U.S. 77, 95 (2010).

14. Defendant Ferrellgas, Inc. ("Ferrellgas") is a corporation, incorporated in Delaware, with its principal place of business in Missouri. *See* Lau Decl. ¶ 2; Printout from the Delaware Secretary of State's website showing that Ferrellgas is a Delaware corporation and Ferrellgas' Statement of Information filed with the California Secretary of State, attached as Exhibit 14 to the Lau Decl. Therefore, Ferrellgas is a citizen of Delaware and Missouri for purposes of diversity jurisdiction. 28 U.S.C. §1332(c); *Hertz Corp. v. Friend*, 559 U.S. 77, 95 (2010).

15. Defendant Brasscraft Manufacturing Company ("Brasscraft") is a corporation, incorporated in Michigan, with its principal place of business in Michigan. *See* Lau Decl. ¶ 2; Printout from the Michigan Secretary of State's website showing that Brasscraft is a Michigan corporation and Brasscraft's Statement of Information filed with the California Secretary of State, attached as Exhibit 15 to the Lau Decl. Therefore, Brasscraft is a citizen of Michigan for purposes of diversity jurisdiction. 28 U.S.C. §1332(c); *Hertz Corp. v. Friend*, 559 U.S. 77, 95 (2010). [2]

**C.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00**

16. In this product liability action, plaintiff alleges that she was using a built-in barbeque grill located on the rental property she was leasing, when it allegedly exploded while she was attempting to light it causing her to suffer severe personal injuries. *See* Complaint, ¶¶ 9-10. Plaintiff brings suit in strict product liability – design and manufacturing defects, strict product liability – failure to warn, product liability – negligence, product liability – breach of express and implied warranties, and negligence. Plaintiffs' Complaint does not demand a specific dollar amount, however Plaintiff's most recent case management statement in the related case indicates her medical bills alone exceed $250,000. *See* Lau Decl. ¶ 2; Case Management Statement, attached as Exhibit 16 to the Lau Decl.

---

[2] As stated above, Emerson Electric Co., incorrectly identified as "Emerson US" has not been served. Emerson Electric Co., however, is a corporation, incorporated in Missouri with its principal place of business in Missouri.

// 

17. Plaintiff claims that the explosion caused her to be rushed to the emergency room and transferred to a burn center where she "underwent debridement and multiple skin grafts over several weeks." (Complaint, ¶ 10). She claims she has "life-altering injuries and damages (including permanent scaring and disfigurement)." *Id.* She also claims that she suffered "serious injuries to her body, nervous system and person" causing her "great physical pain, mental suffering and emotional distress." *Id.* at ¶ 18. She seeks economic damages "including but not limited to past medical expenses, future medical expenses, loss of earnings, and/or future earning capacity, lost use, and property damage." *Id.* at ¶ 19. She prays for general and special damages, prejudgment interest, costs, and other and further relief. *Id.* at ¶ 46.

18. Even if the Case Management Statement is disregarded, compensatory damages in excess of $75,000 have been awarded for similar injuries particularly in burn cases. *Garcia v. Owens-Brockway Glass Container, Inc.*, case no. LA CV16-01889 JAK (RAOx), 2016 WL9275451 (C.D. Cal. June 30, 2016) (removal appropriate in case involving burn injuries particularly because amount in controversy in such cases are historically demonstrated to be above $75,000); *Salazar v. Terry Bedford Concrete Constr. Inc.*, 2007 WL 3022436 (Cal. Sup. Ct., Aug. 3, 2007) ($552,094 awarded where plaintiff suffered burns requiring skin grafts); *Barnhart v. City of San Diego*, 2002 WL 32121729 (Cal. Sup. Ct., Nov. 4, 2002) ($214,467 awarded to plaintiff who suffered second and third degree burns requiring debriding and grafting and possible future scar release surgery); *Kolodziey v. Kmart Corporation*, 1998 WL 1064829 (Cal. Sup. Ct., Dec. 18, 1998) ($13.9 million and $12.4 million awarded, respectively, to two plaintiffs who suffered second and third degree burns, weeks of hospitalization and numerous surgeries and skin graft procedures); *Navarro v. Gen. Motors Inc.*, 1996 WL 526120 (Cal. Super. Ct., July 26, 1996) ($926,811 awarded to plaintiff who suffered third

degree burns requiring six total skin graft surgeries and a 2.5–month hospital stay)).

19. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all of the pleadings and orders filed in the state court action are attached the Lau Decl. as follows:

- Exhibit 1: Complaint and Demand for Jury Trial;
- Exhibit 2: January 6, 2022 Civil Case Cover Sheet;
- Exhibit 3: January 18, 2022 Summons;
- Exhibit 8: Defendants EPM and Fisher's Answer to the Complaint.

20. Venue is proper in this Court for purposes of removal because the Superior Court of the State of California, County of Riverside is located within the United States District Court, Central District of California – Eastern Division. This Court is the proper venue under 28 U.S.C. § 84(a) because it is the "district and division embracing the place where" this "action is pending." 28 U.S.C. § 1441(a).

21. Pursuant to 28 U.S.C. § 1446(b)(2)(A), all other defendants who have been served with the summons and complaint have consented to removal of the action.

22. In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiffs, and a copy is being filed with the Superior Court of the State of California, County of Riverside.

DATED: March 4, 2022                          HENNELLY & GROSSFELD LLP

By: /S/ Grace M. Lau
MICHAEL G. KING
GRACE M. LAU
Attorneys for Defendants
Fisher Controls International,
Emerson Process Management,
Emerson US

# PROOF OF SERVICE

I declare that I am over the age of eighteen (18) and not a party to this action. My business address is 10900 Wilshire Blvd., Suite 400 Los Angeles, CA 90024.

On March 4, 2022, I served the following document(s):

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)** on the interested parties in this action as indicated below or on the attached service list, together with this declaration, as follows:

| | |
|---|---|
| David M. Ring, Esq.<br>Robert R. Clayton, Esq.<br>TAYLOR & RING, LLP<br>1230 Rosecrans Avenue, Suite 360<br>Manhattan Beach, CA 90266<br>Tel: (310)209-4100<br>Fax: (310)208-5052 | **Attorneys for Plaintiff**<br>**Danielle Nisim** |

( )  (By E-Mail) I caused the above-referenced document(s) to be transmitted by e-mail transmission to the interested parties at the appropriate e-mail addresses as listed above. I did not receive, with a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**(X) (By Overnight Delivery)** I deposited in a box or other facility regularly maintained by FedEx or Overnite Express, an express service carrier, or delivered to a courier or driver authorized by said express carrier to receive documents, a copy of the above-named document(s).

**(X) (Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 4, 2022, at Los Angeles, California.

_____
Vicky Daniels