# Exhibit 1

Electronically FILED by Superior Court of California, County of Riverside on 01/07/2022 08:42 AM
Case Number CVPS2200164 0000007651240 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Virginia Cota, Clerk

David M. Ring, State Bar No. 151124
Robert R. Clayton, State Bar No. 202899
**TAYLOR & RING, LLP**
1230 Rosecrans Avenue, Suite 360
Manhattan Beach, CA 90266

Telephone: (310) 209-4100
Facsimile: (310) 208-5052

Attorneys for Plaintiff

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF RIVERSIDE

| | |
|---|---|
| DANIELLE NISIM, <br><br> Plaintiff, <br><br> vs. <br><br> PROFIRE; MODERN HOME PRODUCTS; FISHER CONTROLS; EMERSON US; EMERSON PROCESS MANAGEMENT; HONEYWELL; HONEYWELL AMERICAN METER DIVISION; FERRELGAS; BRASSCRAFT; and DOES 1 through 150, inclusive, <br><br> Defendants. | CASE NO. CVPS2200164 <br><br> **PLAINTIFF'S COMPLAINT FOR:** <br><br> 1. **Products Liability – Strict Liability;** <br> 2. **Products Liability – Negligence;** <br> 3. **Products Liability - Breach of Implied & Express Warranties; and** <br> 4. **Negligence** <br><br> **DEMAND FOR JURY TRIAL** |

COMES NOW plaintiff DANIELLE NISIM, an individual, and alleges as follows:

## GENERAL ALLEGATIONS

1. At all times mentioned herein, plaintiff DANIELLE NISIM was and now is a resident of the County of Los Angeles, State of California.

2. Plaintiff is informed and believes that at all times mentioned herein, defendants PROFIRE; MODERN HOME PRODUCTS; and/or DOES 1 through 50, inclusive, and each of them, were either individuals, corporations, limited companies, limited partnerships, partnerships, or sole proprietorships authorized to do and doing business within the State of California. Plaintiff is further informed and believes that said defendants, and each of them, designed, manufactured, fabricated,

1

assembled, distributed, bought, sold, inspected, serviced, repaired, marketed, warranted, supplied, modified, produced, and/or installed a built-in barbeque at a residential property located at 80620 Avenue 40 in Indio, California (referred to hereinafter as the "SUBJECT PROPERTY") at all times relevant herein.

3.      Plaintiff is informed and believes that at all times mentioned herein, defendants FISHER CONTROLS; EMERSON US; EMERSON PROCESS MANAGEMENT; HONEYWELL; HONEYWELL AMERICAN METER DIVISION; PROFIRE; MODERN HOME PRODUCTS; BRASSCRAFT; and/or DOES 51-100 inclusive, and each of them, were either individuals, corporations, limited companies, limited partnerships, partnerships, or sole proprietorships authorized to do and doing business within the State of California. Plaintiff is further informed and believes that at all times mentioned herein said defendants, and each of them, designed, manufactured, fabricated, assembled, distributed, bought, sold, inspected, serviced, repaired, marketed, warranted, supplied, installed, and/or modified the gas meters, valves, regulators, actuators, couplings, adapters, and/or connectors that were installed between the propane storage tank at the front of the SUBJECT PROPERTY and the built-in barbeque at the rear of the SUBJECT PROPERTY.

4.      Plaintiff is informed and believes that at all times mentioned herein, defendant FERRELGAS and/or DOES 101 through 150, inclusive, and each of them, were either individuals, corporations, limited companies, limited partnerships, partnerships, or sole proprietorships authorized to do and doing business within the State of California. Plaintiff is further informed and believes that said defendants supplied propane to the SUBJECT PROPERTY at all times relevant herein. This was a service that defendant FERRELGAS and/or DOES 101 through 150 provided for a fee. The propane that was supplied by said defendants was used to provide gas to the appliances at the SUBJECT PROPERTY; including but not limited to the water heaters, stoves, ovens, barbeques and fire pits. As part of that paid service, Plaintiff is informed and believes that defendant FERRELGAS and/or DOES 101 through 150 were obligated to, in part, inspect, test, maintain, service, repair, and/or otherwise assure that the storage tank and its fixtures, equipment and/or component parts where safe for their intended use and that said propane was delivered to the appliances at the SUBJECT PROPERTY in a consistent, constant, measured, regulated, and safe manner. Plaintiff is further informed and believe

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1  that defendant FERRELGAS and/or DOES 101 through 150, inclusive, and each of them, were
2  obligated to notify and warn the owner(s) and/or tenants of the SUBJECT PROPERTY of any defects
3  and dangers associated with the storage tank, connecting and/or component parts (including but not
4  limited to insufficient, inadequate, uneven, and/or dangerous supply pressure) at the time said
5  defendants were performing their paid services.

6      5.   Plaintiff is informed and believes that at all times mentioned herein defendants FISHER
7  CONTROLS; EMERSON US; EMERSON PROCESS MANAGEMENT; HONEYWELL;
8  HONEYWELL AMERICAN METER DIVISION; PROFIRE; MODERN HOME PRODUCTS;
9  BRASSCRAFT; and/or DOES 1-100 inclusive, and each of them, designed, manufactured, assembled,
10 marketed, distributed, sold, and placed into the stream of commerce in California the subject gas
11 barbeque and/or the gas meters, valves, regulators, actuators, couplings, adapters, and connectors that
12 were installed between the propane storage tank at the front of the SUBJECT PROPERTY and the built-
13 in barbeque at the rear of the SUBJECT PROPERTY. Plaintiff is further informed and believes that
14 when said products were placed into the stream of commerce in California, they contained design and/or
15 manufacturing defects which presented a risk of injury or death to consumers, like Plaintiff, who were
16 the intended and/or reasonably foreseeable users.

17     6.   The true names and/or capacities, whether individual, corporate, associate or otherwise
18 of Defendants DOES 1 through 150, inclusive, and each of them, are unknown to Plaintiff, who
19 therefore sue said defendants by such fictitious names. Plaintiff is informed and believes and upon
20 such information and belief alleges that each of the defendants fictitiously named herein as a DOE is
21 legally responsible, negligently or in some other actionable manner, for the events and happenings
22 hereinafter referred to and proximately caused the injuries and damages to Plaintiff as hereinafter
23 alleged. Plaintiff will seek leave of Court to amend this Complaint to insert the true names and/or
24 capacities of such fictitiously named Defendants when the same have been ascertained.

25     7.   Plaintiff is informed and believes and thereupon alleges that at all times mentioned herein,
26 defendants, and each of them, including DOES 1 through 150, were the agents, servants, employees
27 and/or joint venturers of their codefendants, and were, as such, acting within the course, scope and
28 authority of said agency, employment and/or venture, and that each and every defendant, as aforesaid,

3

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

when acting as a principal, was negligent in the selection and hiring of each and every other defendant as an agent, employee and/or joint venturer.

8. Wherever appearing in this complaint, each and every reference to defendants, or any of them, is intended to include, and shall be deemed to include, all fictitiously named defendants.

## INCIDENT

9. Plaintiff DANIELLE NISIM entered into a rental agreement to rent the SUBJECT PROPERTY from Friday, November 13, 2020 through Sunday, November 15, 2020. When Plaintiff arrived at the SUBJECT PROPERTY on November 13, 2020, she found that the gas appliances were functioning in a sporadic, uneven and inconsistent manner. Unbeknownst to her at the time, the gas for the entire property was supplied by an on-site propane tank rather than natural gas.

10. On Saturday, November 14, 2020, Plaintiff and her guests began to prepare for dinner. The gas being supplied to the built-in barbeque in the rear of the SUBJECT PROPERTY was also sporadic, uneven and inconsistent. When Plaintiff attempted to lite the barbeque, a large explosion occurred that blew open the doors below the barbeque and engulfed her legs in flames. She immediately felt excruciating pain. She was rushed to the emergency room at the Arrowhead Regional Medical Center and ultimately transported to the Grossman Burn Center in Sherman Oaks for specialized medical care and treatment. There, Plaintiff suffered additional horrific pain and discomfort as she underwent debridement and multiple skin grafts over several weeks. As a result of the incident, Plaintiff was left with life-altering injuries and damages (including permanent scaring and disfigurement) in an amount that well-exceeds the jurisdictional limits of this court.

## FIRST CAUSE OF ACTION

### (STRICT PRODUCT LIABILITY – DESIGN AND MANUFACTURING DEFECTS)

### (Plaintiff Against Defendants Fisher Controls; Emerson US; Emerson Process Management; Honeywell; Honeywell American Meter Division; Profire, Modern Home Products; Brasscraft; and/or Does 1-100)

11. Plaintiff repeats, repleads, and realleges paragraphs 1 through 10, and incorporates the allegations thereof as though fully set forth herein.

///

12. Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned, defendants FISHER CONTROLS; EMERSON US; EMERSON PROCESS MANAGEMENT; HONEYWELL; HONEYWELL AMERICAN METER DIVISION; PROFIRE, MODERN HOME PRODUCTS; BRASSCRAFT; AND/OR DOES 1-100, inclusive, and each of them, manufactured, fabricated, designed, assembled, distributed, bought, sold, inspected, serviced, repaired, marketed, warranted, supplied, modified, produced, and /or placed into the stream of commerce in California the subject barbeque and/or the gas meters, valves, regulators, actuators, couplings, adapters, and connectors between the propane gas storage tank at the front of the SUBJECT PROPERTY and the built-in gas barbeque at the rear of the SUBJECT PROPERTY.

13. Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned, the subject barbeque and/or the gas meters, valves, regulators, actuators, couplings, adapters, and connectors were defective in design, manufacture, and/or assembly when placed on the market by defendants and were of such a nature that the defects would not have been discovered in the normal course of inspection and operation by users; like Plaintiff.

14. Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned, the subject barbeque and/or the gas meters, valves, regulators, actuators, couplings, adapters, and connectors were substantially the same as when they left defendants' possession or, if changed, that said change(s) were reasonably foreseeable to the defendants.

15. Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned, the subject barbeque and/or the gas meters, valves, regulators, actuators, couplings, adapters, and connectors contained defects in their manufacture, design and/or assembly, in that they were capable of causing, and did cause, personal injuries to the ordinary user while being used in a reasonably foreseeable manner, thereby rendering said products unsafe and dangerous for use by users thereof. More specifically, said products failed to provide adequate, consistent and safe pressure to the subject barbeque.

16. Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned, the subject barbeque and/or the gas meters, valves, regulators, actuators, couplings,

///

5

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

adapters, and connectors were being operated in a reasonably foreseeable manner and that said product did not perform as safely as an ordinary consumer would have expected at time of use.

17. On or about November 14, 2020, as a direct and proximate result of the above described defects in the subject products, the barbeque at the SUBJECT PROPERTY exploded which caused Plaintiff to suffered severe injuries and damages.

18. As a direct and proximate result of the aforementioned actions and inaction of the defendants, as well as their defective products, Plaintiff was hurt and sustained serious injuries to her body, nervous system and person. She was also left with permanent scarring. Plaintiff's injuries caused and continue to cause her great physical pain, mental suffering, and emotional distress all to her general damages in an amount in excess of the jurisdiction limit of this court.

19. As a further direct and proximate result of the aforementioned actions and inaction of the defendants, as well as their defective products, Plaintiff sustained economic damages including but not limited to past medical expenses, future medical expenses, loss of earnings, loss of future earnings and/or future earning capacity, lost use, and property damage in an amount in excess of the jurisdiction limit of this court.

## SECOND CAUSE OF ACTION

### (STRICT PRODUCT LIABILITY – FAILURE TO WARN)

**(Plaintiff Against Defendants Fisher Controls; Emerson US; Emerson Process Management; Honeywell; Honeywell American Meter Division; Profire, Modern Home Products; Brasscraft; and/or Does 1-100)**

20. Plaintiff repeats, repleads, and realleges paragraphs 1 through 19, and incorporates the allegations thereof as though fully set forth herein.

21. Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned, defendants FISHER CONTROLS; EMERSON US; EMERSON PROCESS MANAGEMENT; HONEYWELL; HONEYWELL AMERICAN METER DIVISION; PROFIRE, MODERN HOME PRODUCTS; BRASSCRAFT; AND/OR DOES 1-100, inclusive, and each of them, manufactured, fabricated, designed, assembled, distributed, bought, sold, inspected, serviced, repaired, marketed, warranted, supplied, modified, produced, and /or placed into the stream of commerce in California the

subject barbeque and/or the gas meters, valves, regulators, actuators, couplings, adapters, and connectors between the propane gas storage tank at the front of the SUBJECT PROPERTY and the built-in barbeque at the rear of the SUBJECT PROPERTY.

22. Plaintiff is informed and believes that the subject products were defective and had risks and dangers associated with those defects that were known or knowable to the defendants, and each of them, at the time the products were manufactured, distributed and sold by said defendants.

23. The defects in the subject products presented a substantial danger when the subject barbeque was used in an intended or reasonably foreseeable manner; as here. Moreover, the ordinary consumer would not have recognized the potential risks and dangers associated with the defendants' defective products.

24. Defendants FISHER CONTROLS; EMERSON US; EMERSON PROCESS MANAGEMENT; HONEYWELL; HONEYWELL AMERICAN METER DIVISION; PROFIRE, MODERN HOME PRODUCTS; BRASSCRAFT; AND/OR DOES 1-100, inclusive, and each of them, failed to adequately warn or instruct owners and users, like Plaintiff, of the potential risks and dangers which were known to said defendants. Had proper and appropriate warning and instructions been provided, the incident could have been avoided. The defendants' actions and/or inactions demonstrated a conscious and callous disregard of the rights and safety of others.

25. As a direct and proximate result of the defendants' lack of sufficient warnings and/or instructions, Plaintiff was hurt and sustained serious injuries to her body, nervous system and person. She was also left with permanent scarring. Plaintiff's injuries caused and continue to cause her great physical pain, mental suffering, and emotional distress all to his general damages in an amount in excess of the jurisdiction limit of this court.

26. As a further direct and proximate result of said defendants' lack of sufficient warnings and/or instructions, Plaintiff sustained economic damages including but not limited to past medical expenses, future medical expenses, loss of earnings, loss of future earnings and/or future earning capacity, lost use, and property damage in an amount in excess of the jurisdiction limit of this court.

///

///

7

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## THIRD CAUSE OF ACTION

## PRODUCTS LIABILITY - NEGLIGENCE

(Plaintiff Against Defendants Fisher Controls; Emerson US; Emerson Process Management; Honeywell; Honeywell American Meter Division; Profire, Modern Home Products; Brasscraft; and/or Does 1-100)

27. Plaintiff repeats, repleads, and realleges paragraphs 1 through 26, and incorporates the allegations thereof as though fully set forth herein.

28. Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned, defendants FISHER CONTROLS; EMERSON US; EMERSON PROCESS MANAGEMENT; HONEYWELL; HONEYWELL AMERICAN METER DIVISION; PROFIRE, MODERN HOME PRODUCTS; BRASSCRAFT; AND/OR DOES 1-100, inclusive, and each of them, manufactured, fabricated, designed, assembled, distributed, bought, sold, inspected, serviced, repaired, marketed, warranted, supplied, modified, produced, and /or placed into the stream of commerce in California the subject barbeque and/or the gas meters, valves, regulators, actuators, couplings, adapters, and connectors between the propane gas storage tank at the front of the SUBJECT PROPERTY and the built-in gas barbeque at the rear of the SUBJECT PROPERTY. As a result, said defendants had a duty to exercise reasonable care in their design, manufacturing, fabrication, assembly, testing, inspection, distribution, marketing, and sale of said products to avoid exposing others to a foreseeable risk of harm due to defects in the same.

29. Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned, said defendants knew or should have known that the failure to properly design, manufacture, fabricate, assemble, test, inspect, distribute, market, and sell the defective barbeque and/or the gas meters, valves, regulators, actuators, couplings, adapters, and connectors would lead to foreseeable harm or death.

30. Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned, defendants FISHER CONTROLS; EMERSON US; EMERSON PROCESS MANAGEMENT; HONEYWELL; HONEYWELL AMERICAN METER DIVISION; PROFIRE, MODERN HOME PRODUCTS; BRASSCRAFT; AND/OR DOES 1-100, inclusive, and each of them, negligently, recklessly, and/or carelessly designed, manufactured, fabricated, assembled, tested, inspected,

distributed, marketed, and sold the subject products and as a result there was an explosion that serious injured Plaintiff.

31. Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned, defendants FISHER CONTROLS; EMERSON US; EMERSON PROCESS MANAGEMENT; HONEYWELL; HONEYWELL AMERICAN METER DIVISION; PROFIRE, MODERN HOME PRODUCTS; BRASSCRAFT; AND/OR DOES 1-100, inclusive, and each of them, knew or reasonably should have known that the defects in their products rendered them dangerous when used in a reasonably foreseeable manner but said defendants failed to recall, retrofit, and/or otherwise warn of the danger/defect.

32. As a direct and proximate result of the defendants' lack of sufficient warnings and/or instructions, Plaintiff was hurt and sustained serious injuries to her body, nervous system and person. She was also left with permanent scarring. Plaintiff's injuries caused and continue to cause her great physical pain, mental suffering, and emotional distress all to his general damages in an amount in excess of the jurisdiction limit of this court.

33. As a further direct and proximate result of said defendants' lack of sufficient warnings and/or instructions, Plaintiff sustained economic damages including but not limited to past medical expenses, future medical expenses, loss of earnings, loss of future earnings and/or future earning capacity, lost use, and property damage in an amount in excess of the jurisdiction limit of this court.

## FOURTH CAUSE OF ACTION

**PRODUCTS LIABILITY - BREACH OF EXPRESS & IMPLIED WARRANTIES**

(Plaintiff Against Defendants Fisher Controls; Emerson US; Emerson Process Management; Honeywell; Honeywell American Meter Division; Profire, Modern Home Products; Brasscraft; and/or Does 1-100)

34. Plaintiff repeats, repleads, and realleges paragraphs 1 through 33, and incorporate the allegations thereof as though fully set forth herein.

35. Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned, that defendants FISHER CONTROLS; EMERSON US; EMERSON PROCESS MANAGEMENT; HONEYWELL; HONEYWELL AMERICAN METER DIVISION; PROFIRE,

MODERN HOME PRODUCTS; BRASSCRAFT; AND/OR DOES 1-100, inclusive, and each of them, expressly and/or impliedly warranted to Plaintiff, and to that class of people who would normally be expected to use and/or operate the subject products, that they were of merchantable quality and production, free from design and manufacturing defects, and safe for the use for which they were intended.

36. Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned, said defendants breached the above described express and/or implied warranties as their products were not free from design and manufacturing defects, and were not safe for their intended use.

37. On or about November 14, 2020, as a result of the breach by said defendants of the express and/or implied warranties described herein, the barbeque at the SUBJECT PROPERTY exploded which caused Plaintiff to suffered severe injuries and damages.

38. As a direct and proximate result of the defendants' lack of sufficient warnings and/or instructions, Plaintiff was hurt and sustained serious injuries to her body, nervous system and person. She was also left with permanent scarring. Plaintiff's injuries caused and continue to cause her great physical pain, mental suffering, and emotional distress all to his general damages in an amount in excess of the jurisdiction limit of this court.

39. As a further direct and proximate result of said defendants' lack of sufficient warnings and/or instructions, Plaintiff sustained economic damages including but not limited to past medical expenses, future medical expenses, loss of earnings, loss of future earnings and/or future earning capacity, lost use, and property damage in an amount in excess of the jurisdiction limit of this court.

## FIFTH CAUSE OF ACTION
## NEGLIGENCE
### (Plaintiff Against Defendant FERRELGAS and/or DOES 101 Through 150)

40. Plaintiff repeats, repleads, and realleges paragraphs 1 through 39, and incorporate the allegations thereof as though fully set forth herein.

41. Plaintiff is informed and believes that defendant FERRELGAS and/or DOES 101 through 150, inclusive, and each of them, supplied propane to the SUBJECT PROPERTY at all times relevant herein. This was a service that defendant FERRELGAS and/or DOES 101 through 150

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

provided for a fee. The propane that was supplied by said defendants was used to provide gas to the appliances at the SUBJECT PROPERTY; including but not limited to the water heaters, stoves, ovens, barbeques and fire pits. As part of that paid service, Plaintiff is informed and believes that defendant FERRELGAS and/or DOES 101 through 150 were obligated to, in part, inspect, test, maintain, service, repair, and/or otherwise assure that the storage tank and its fixtures, equipment and/or component parts where safe to hold the propane supplied and that said propane was delivered to the appliances at the SUBJECT PROPERTY in a consistent, constant, measured, regulated, and safe manner.

42. As a result, defendant FERRELGAS and/or DOES 51 through 100, inclusive, and each of them, had a duty to exercise due care in the discharge of its/their duties. Among other things, said defendants had a duty to properly and timely inspect, test, maintain, fill, and repair the propane tank, barbeque and delivery devices and systems at the SUBJECT PROPERTY in order to make sure the same worked properly and did not pose a risk of harm to those using the gas appliances on the property; like Plaintiff. Said defendants were also obligated to notify and warn the owner(s) and/or tenants of the SUBJECT PROPERTY of any defects and dangers associated with the storage tank, connecting and/or component parts (including but not limited to insufficient, inadequate, uneven, and/or dangerous supply pressure and delivery) at the time said defendant(s) were performing its/their paid services.

43. In fact, under general negligence principles, a person ordinarily is obligated to exercise due care in his or her own actions so as not to create an unreasonable risk of injury to others, and this legal duty generally is owed to the class of persons who it is reasonably foreseeable may be injured as the result of the actor's conduct. (Civ. Code, § 1714; *see generally* Rest.2d Torts, § 281; Prosser & Keeton on Torts (5th ed.1984) § 31, p. 169; The Law of Torts, Harper et al., (2d ed.1986) § 18.2, pp. 654–655) "[E]very [negligence] case is governed by the rule of general application that all persons are required to use ordinary care to prevent others from being injured as the result of their conduct. [Citation]" (Vasquez v. Residential Investment, Inc. (2004) 118 Cal.App.4th 269, 278)

44. Plaintiff is informed and believes and thereupon alleges that the aforementioned defendant(s), and each of them, failed in their respective duties to make sure the propane tank at the SUBJECT PROPERTY was properly filled and proper pressure was being supplied throughout the line and to the attached appliances. By reason of these actions and inactions, said defendants, and each of

1 | them, breached their respective duties of care and were careless, reckless and negligent in foreseeably
2 | causing the incident described herein.

3 |     45.    As a proximate result of the acts and omissions of defendant FERRELGAS and/or DOES 51 through 100, inclusive, and each of them, Plaintiff was hurt and sustained serious injuries to her body, nervous system and person when the barbeque exploded as she attempted to use it with due care. Consequently, she was left with permanent injuries and scarring. Plaintiff's injuries caused and continue to cause her great physical pain, mental suffering, and emotional distress all to her general damages in an amount in excess of the jurisdiction limit of this court.

    46.    As a further direct and proximate result of the aforementioned actions and inaction of said defendants, Plaintiff sustained economic damages including but not limited to past medical expenses, future medical expenses, loss of earnings, loss of future earnings and/or future earning capacity, and property damage in an amount in excess of the jurisdiction limit of this court.

WHEREFORE, Plaintiff prays for judgment against defendants FISHER CONTROLS; EMERSON US; EMERSON PROCESS MANAGEMENT; HONEYWELL; HONEYWELL AMERICAN METER DIVISION; PROFIRE, MODERN HOME PRODUCTS; BRASSCRAFT; FERRELGAS; AND/OR DOES 1-150 as follows:

1. For an award of general and special damages according to proof;
2. For prejudgment interest, according to proof;
3. For costs of suit incurred herein; and
4. For such other and further relief as the Court deems just and proper.

Dated: January 6, 2022                              TAYLOR & RING, LLP

By: /s/ - Robert R. Clayton
     David M. Ring
     Robert R. Clayton
     Attorneys for Plaintiff

///
///
///

12

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## DEMAND FOR JURY TRIAL

Plaintiff, DANIELLE NISIM requests a jury trial.

Dated: January 6, 2022                          TAYLOR & RING, LLP

                                                By: /s/ - Robert R. Clayton
                                                    _____
                                                    David M. Ring
                                                    Robert R. Clayton
                                                    Attorneys for Plaintiff

13