JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:22-cv-00405-JWH-SHKx | Date | March 30, 2022 |
|---|---|---|---|
| Title | *Danielle Nisim v. Profire, et al.* | | |

Present: The Honorable   JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **ORDER REGARDING PLAINTIFF'S MOTION TO REMAND OR, IN THE ALTERNATIVE, DISMISS PLAINTIFF'S COMPLAINT [ECF No. 11] (IN CHAMBERS)**

Before the Court is the motion of Plaintiff Danielle Nisim to remand or, in the alternative, to dismiss voluntarily her complaint without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.[1] Defendants Fisher Controls International, LLC and Merson Process Management Regulator Technologies, Inc. oppose,[2] and Defendants Ferrellgas, Inc.[3] and Brasscraft Manufacturing Company[4] join in that Opposition (collectively, "Defendants"). For the reasons described below, the Court **DENIES** Nisim's Motion to remand, but it **GRANTS** Nisim's Motion to dismiss.

---

[1]   Pl.'s Mot. to Remand or, in the Alternative, Dismiss Pl.'s Compl. (Without Prejudice) (the "Motion") [ECF No. 11].

[2]   Defs.' Opp'n to the Motion (the "Opposition") [ECF No. 13].

[3]   Def. Ferrellgas, Inc.'s Joinder to the Motion [ECF No. 14].

[4]   Def. Brasscraft Manufacturing Company's Joinder to the Motion [ECF No. 15].

### A. Motion to Remand

The Court finds that subject-matter jurisdiction existed at the time of removal, as Nisim had not yet added in-state defendants that would have destroyed diversity in this particular case[5] (as opposed to what Nisim describes as her "lead case").[6] Accordingly, Nisim's request for this Court to remand this action to state court is **DENIED**.

### B. Motion to Dismiss

Under the Federal Rules of Civil Procedure, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41. The decision to grant a voluntary dismissal under Rule 41(a)(2) lies with the sound discretion of the Court. *See Kern Oil Refining Co. v. Tenneco Oil Co.*, 792 F.2d 1380, 1389 (9th Cir. 1986). Generally speaking, a motion for voluntary dismissal should be granted unless the defendant shows that it will suffer some plain legal prejudice as a result. *See Waller v. Financial Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987). "Plain legal prejudice may be shown where actual legal rights are threatened or where monetary or other burdens appear to be extreme or unreasonable." *United States v. Berg*, 190 F.R.D. 539, 543 (E.D. Cal. 1999). "Plain legal prejudice, however, does not result simply when defendant faces the prospect of a second lawsuit or when plaintiff merely gains some tactical advantage." *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982).

In this action, Defendants have not shown plain legal prejudice. Defendants' alleged deprivation of the "streamlined rules and protections" of federal court does not constitute an extreme or unreasonable burden.[7] *See Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001) (holding that "plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal). Furthermore, Nisim was not dilatory in attempting to secure a stipulation or filing this Motion. That factor also weighs in favor of granting her

---

[5]     Opposition 4:1-5:4.

[6]     Motion 5:10.

[7]     Opposition 6:10-11.

request to dismiss this case.[8] *See Self v. Equinox Holdings, Inc.*, 2015 WL 13298146, at *12 (C.D. Cal. Jan. 5, 2015) (considering the plaintiff's diligence in filing the motion to dismiss as a factor in the court's analysis).

### C. Conclusion

For those reasons, the Court hereby **ORDERS** as follows:

1. Nisim's Motion to remand is **DENIED**.

2. Nisim's Motion to dismiss is **GRANTED**.  Nisim's Complaint is **DISMISSED without prejudice**.

3. The hearing on the Motion set for April 8, 2022, is **VACATED**.

**IT IS SO ORDERED.**

---

[8] Motion 5:22-26; Pl.'s Reply to the Opposition [ECF No. 17] 4:23-5:18.